IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS A. WELLS, et al.,**

    **Plaintiffs,**

v.

**MICHAEL J. STANFILL, et al.,**

    **Defendants.**                                Case No. 05-cv-811-DRH

## ORDER

**HERNDON, District Judge:**

        Before the Court is the parties' Joint Motion to Stay the Case and to Strike Deadlines (Doc. 29).  The instant Motion is filed because defendant Dave Davis, who serves in the United States Army Reserves, has recently been placed on active duty and deployed to Afghanistan serving with a Special Forces unit (*Id.* at ¶ 1).  Due to his deployment, defendant Davis has not been served and is allegedly unaware of this case (*Id.*).  Further, defendant Davis may only be contacted via military satellite phone.  The parties believe defendant Davis will be a key occurrence witness in this case (*Id.* at ¶ 3)..  His absence would seemingly compromise both the prosecution and defense of this case, according to the parties (*Id.* at ¶ 5).

        The parties expect that defendant Davis's tour will end in the near future, with his anticipated return to the States in August or September, 2006. However, the exact date of his return is classified, and, as is common with military

operations, subject to change (*Id.* at ¶ 4). For these reasons, the parties have requested the case be stayed and all deadlines stricken. The parties further request the Court schedule a status conference for a time around the end of September, 2006 (*Id.*).

The Servicemembers Civil Relief Act ("SCRA"), as amended, allows a request for a stay of civil judicial proceedings upon a motion made by either party. **50 U.S.C. App. § 501-593**. A stay is warranted if a court finds that the servicemember's ability to prosecute or defend him or herself is "materially affected" by reason of active duty service. **50 U.S.C. App. § 521**. Therefore, a stay would be justified until such material effect ceased to exist, with the expectation that the servicemember act in good faith and diligently endeavor to appear in court when required. **50 U.S.C. App. § 521**; *see also*, ***Johnson v. Burken*, 930 F.2d 1202, 1204-05 (7th Cir. 1991)**. This stay is normally allowed for a minimum of 90 days and if there are non-servicemember co-defendants, a stay can be granted for up to 90 days *after* the servicemember returns from active duty. **50 U.S.C. App. § 525**.

As the parties have indicated that defendant Davis' absence could materially effect the defense of this case and also the prosecution, then under **50 U.S.C. App. § 521**(d)(1), the Court makes a finding of "material effect" that warrants a stay. Therefore, the parties Joint Motion (Doc. 29) is **GRANTED**. The case is hereby **STAYED**, with all currently pending deadlines **STRIKEN**, to be reset once the stay being lifted. As defendant Davis's exact date of return is yet unknown, the Court

cannot at this time give a date certain as to when the stay shall be lifted. However, the Court finds that the parties' request for a status conference to be appropriate. Therefore, the Court also schedules a **STATUS CONFERENCE**, which shall be conducted by Magistrate Judge Wilkerson on **Monday, October 2, 2006 at 2:00 p.m.** This status conference shall be **telephonic**, *with Plaintiffs' counsel to initiate*. Plaintiff shall contact Judge Wilkerson's chambers at 618-482-9004. A Notice of Hearing shall be issued by the Court in this regard.

    **IT IS SO ORDERED.**

    Signed this 15th day of August, 2006.

                           /s/       David RHerndon
                           **United States District Judge**