IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS A. WELLS,**
**SHARI L. HALL,**
**AMANDA F. HALL, and ADAM S.**
**MULVANEY, MYCA L. WHEATLEY,**
**and JAROD S. PARKER**,

**Plaintiffs,**

v.

**DAVID C. DAVIS, ROGER EHLER,**
**LARRY L. FOX, MICHAEL E. HUBBARD,**
**FOX, and UNKNOWN FEDERAL and**
**STATE AGENTS,**

**Defendants.**                                         No. 05-CV-0811-DRH

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, Chief Judge:**

Pending before the Court is Plaintiffs' first motion in limine (Doc. 98). Defendants filed a response (Doc. 100). Based on the following, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' first motion in limine.

First, Plaintiffs move in limine to bar evidence as to any criminal conviction of any Plaintiff unless and until Defendants make a showing, outside of the presence of the jury, that said conviction is admissible pursuant to Rule 609 of the Federal Rules of Evidence. Said request is **DENIED**. There is no need to make a showing outside of the jury, however, the evidence of the conviction has to be consistent with Rule 609. The Court finds that the evidence is not, on balance under

Rule 403, overly prejudicial to Plaintiffs. .

Second, Plaintiffs move in limine to bar evidence that any Plaintiff has been the subject of any law enforcement investigation, arrested, or charged with any crime, except in conjunction with a prior conviction properly admitted pursuant to Rule 609 of the Federal Rules of Evidence.  Said request is **DENIED**.  Again, the evidence has to be consistent with Rule 609 and on balance under Rule 403, the Court finds no undue prejudice.

Third, Plaintiffs move in limine to bar evidence that Andrew Wells has been convicted of a crime or is presently serving a sentence in any prison.  Defendants oppose this request arguing that the fact that Andrew Wells was arrested and convicted of distributing methamphetamine is relevant to the issue of Thomas Wells' damages.  The Court agrees with Defendants.  Any potential prejudice to Plaintiffs could be addressed by a limiting instruction, should Plaintiff wish to offer one, that Andrew Wells' arrest and conviction should be considered in only determining Thomas Wells' damages and not for any other purpose.  Said request is **DENIED**.

Fourth, Plaintiffs move in limine to bar evidence that  Andrew Wells has ever been engaged in any illicit drug activity or has used or consumed illicit drugs. Defendants respond that they do not intend to offer into evidence that Andrew Wells has been engaged in illicit drug activity or has used or consumed illicit drugs other than the fact that Andrew Wells was arrested on or around November 12, 2003 for conspiracy to distribute methamphetamine and was subsequently convicted of the

same. The Court agrees with Defendants. The evidence of Andrew Wells' arrest and conviction is relevant to the issue of Thomas Wells' damages. Thus, this request is **GRANTED in part and DENIED in part**.

Fifth, Plaintiffs move in limine to bar evidence that any Plaintiff has ever used or consumed illicit drugs. Defendants respond that they do not intend to introduce such evidence except for impeachment purposes only. The Court agrees with Defendant regarding relevance for impeachment when appropriate. Thus, said request is **GRANTED in part and DENIED in part**.

Sixth, Plaintiffs move to bar any evidence of any prior expression of opinion by any Plaintiff concerning the monetary value of his or her claim. Defendants do not oppose this request. Said request is **GRANTED** by agreement.

Seventh, Plaintiffs move in limine to bar any evidence that individuals other than the current Defendants were sued in this case, or that summary judgment has been granted in favor of said prior Defendants. Defendants do not oppose this request. Said request is **GRANTED** by agreement.

Eighth, Plaintiffs move in limine to bar any evidence that any witness has been barred by the Court from testifying. Defendants do not oppose this request. Said request is **GRANTED** by agreement.

Ninth, Plaintiffs move in limine to bar evidence of the cause of death of Thomas Wells. Defendants do not oppose this request. Thus, said request is **GRANTED** by agreement.

Tenth, Plaintiffs move in limine to bar evidence that any Defendant assumed or speculated at the time of the occurrence that any other law enforcement officer had consent from an occupant of the subject premises to enter the premises. Defendants oppose this request arguing that what Defendants believed is relevant to the issue of the lawfulness of the entry of the premises and to the issue of punitive damages. The Court agrees with Defendants. Said request is **DENIED**.

Lastly, Plaintiffs move in limine to bar evidence of the military service record of any Defendant or that any Defendant is currently engaged in military service. Defendants oppose this request arguing that background information, including prior military service, is relevant and admissible. The Court agrees with Defendants. The credibility and the reliability of all the witnesses are crucial, relevant and reasonable. Further, Plaintiffs have not shown how or why this evidence would be prejudicial to them. Said request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**